Slip Op. 09-65

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THAI I-MEI FROZEN FOODS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Timothy C. Stanceu, Judge <br><br> Court No. 05-00197 |

## OPINION

[Affirming the redetermination of an amended final determination of sales at less than fair value following court-ordered remands]

Dated: June 24, 2009

*Steptoe & Johnson LLP* (*Eric C. Emerson* and *Michael T. Gershberg*) for plaintiff.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*); *Nithya Nagarajan*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

The court has reviewed the Final Results of Redetermination Pursuant to Court Remand ("Second Remand Redetermination"), as filed by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") on March 20, 2009. The court concludes that the Second Remand Redetermination is in accordance with the opinions and orders issued in this case. *See Thai I-Mei Frozen Foods Co., Ltd. v. United States*, 31 CIT __, 477 F. Supp. 2d 1332 (2007) ("*Thai I-Mei I*"); *Thai I-Mei Frozen Foods Co., Ltd. v. United*

*States*, 32 CIT __, 572 F. Supp. 2d 1353 (2008) ("*Thai I-Mei II*"); *Thai I-Mei Frozen Foods Co., Ltd. v. United States*, 33 CIT __, Slip. Op. 09-6 (Jan. 21, 2009) ("*Thai I-Mei III*").

Commerce issued the Final Results of Redetermination Pursuant to Court Remand (June 11, 2007) ("First Remand Redetermination") in response to the court's decision in *Thai I-Mei I*, 31 CIT ___, 477 F. Supp. 2d 1332, in which the court reviewed the *Notice of Final Determination of Sales at Less Than Fair Value and Negative Final Determination of Critical Circumstances: Certain Frozen and Canned Warmwater Shrimp From Thailand*, 69 Fed. Reg. 76,918 (Dec. 23, 2004), as amended by the *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from Thailand*, 70 Fed. Reg. 5145 (Feb. 1, 2005).  In *Thai I-Mei II*, 32 CIT at __, 572 F. Supp. 2d at 1371-72, the court remanded the First Remand Redetermination to Commerce with the instruction that Commerce calculate a constructed value profit rate for Thai I-Mei that is in accordance with law.  The Second Remand Redetermination assigns to Thai I-Mei a final dumping margin of 1.88%, which is a *de minimis* margin.  Second Remand Redetermination 28; *see* 19 U.S.C. §§ 1673b(b)(3), 1673d(a)(4) (2006).

Commerce issued its draft version of the Second Remand Redetermination on February 18, 2009, and plaintiff submitted comments to the Department on February 25, 2009. Second Remand Redetermination 2.  On April 20, 2009, following issuance of the Second Remand Redetermination, plaintiff timely filed comments with the court.  Pl.'s Comments Regarding Final Results of Redetermination Pursuant to Ct. Remand ("Pl.'s Comments").  In its comments filed with the court, plaintiff declined to challenge the Second Remand Redetermination, stating that it found flaws with the Department's analysis but believed those

flaws to constitute harmless error. *Id.* at 1, 3. Thai I-Mei explained that it "agreed with the [constructed value] profit calculation methodology used in Commerce's draft, but disagreed (as it does with the final Remand Results) with Commerce's failure to calculate a [constructed value] profit cap and its evaluation of certain factual information submitted by Thai I-Mei." *Id.* at 2. According to Thai I-Mei, the recalculated constructed value profit rate is "reasonable, supported by substantial evidence on the record, and in accordance with this Court's previous decisions." *Id.* at 2-3. Thai I-Mei urges the court to affirm the Second Remand Redetermination. *Id.* at 1, 3.

In addition to urging affirmance of the Second Remand Redetermination, plaintiff requests that the court specify in its order that Commerce is to (1) revoke the antidumping duty order as to Thai I-Mei *ab initio*; (2) instruct United States Customs and Border Protection to lift the suspension on all of Thai I-Mei's unliquidated entries made since August 4, 2004, the date of the preliminary less-than-fair-value determination, and liquidate the entries without regard to antidumping duties with appropriate refunds and interest; and (3) terminate all antidumping duty administrative reviews of Thai I-Mei under the antidumping duty order. *Id*. at 11; *Notice of Prelim. Determination of Sales at Less Than Fair Value, Postponement of Final Determination, and Negative Critical Circumstances Determination: Certain Frozen and Canned Warmwater Shrimp From Thailand*, 69 Fed. Reg. 47,100 (Aug. 4, 2004). Thai I-Mei argues that "[i]n this case, all entries of subject merchandise made on or after August 4, 2004, the date of the preliminary determination of sales at less than fair value, must be liquidated without regard to antidumping duties." Pl.'s Comments 11. According to Thai I-Mei, the court should specify these obligations in an order "to avoid any misunderstanding or need to return to this Court for further enforcement of its judgment." *Id.*

Defendant timely submitted its reply to plaintiff's comments on May 20, 2009, in which it objected to plaintiff's request that the court specify the various obligations. Def.'s Resp. to Thai-I-Mei's Remand Comments 2-4. Defendant maintains that a court order is unnecessary because the statute and regulations govern the Department's actions upon the exhaustion of all appeals and an entry of final and conclusive judgment. *Id.* at 2-3. Defendant states that "upon a final and conclusive judgment, Commerce will comply with its statutory and regulatory requirement to exclude Thai I-Mei from the order and terminate suspension of its entries." *Id.* at 3. Defendant interprets Thai I-Mei's request as akin to a writ of mandamus and argues that mandamus is inappropriate for various reasons. *Id.* Defendant submits that plaintiff has an adequate remedy under the statute and regulations governing the matter, that Thai I-Mei does not have an indisputable right to the issuance of a writ of mandamus, and that there is no basis from which to conclude that the United States will not follow the law. *Id.* at 3-4.

The court does not construe plaintiff's request as a motion or application for a writ of mandamus. Nevertheless, the court concludes that an order or judgment containing the various directives that plaintiff advocates is unnecessary and unwarranted in this case. The disposition of this case requires a judgment that affirms the Second Remand Redetermination, which is the determination that Commerce issued in these proceedings and that is now before the court. The judgment the court is about to enter will not become final until all appeals, or opportunities for appeal, have been exhausted. Any consequences of the *de minimis* margin determination that Commerce assigned to Thai I-Mei that ensue at that time, including possible revocation of the antidumping duty order as to Thai I-Mei, will be governed by various statutory provisions, including, but not limited to, 19 U.S.C. §§ 1516a(c) and (e), 1673d(a)(4) and (c), and

1673e(a)(1). *See* 19 U.S.C. § 1516a(c), (e) (2006) (governing liquidation of entries during and after judicial review of antidumping duty determinations); *id.* § 1673d(a)(4) (governing final determinations and referencing § 1673b(b)(3) with respect to the effect of a *de minimis* margin); *id.* § 1673d(c) (governing the effect of final determinations); *id.* § 1673e(a)(1) (2006) (governing the assessment of duties). The future application of the various statutory provisions to Thai I-Mei's unliquidated entries is not affected by any issue or controversy of which the court is aware. The court has no basis to conclude that the Department will act otherwise than in accordance with all applicable statutory and regulatory requirements.

For the foregoing reasons, the court concludes that it will suffice for the court to enter a judgment that affirms the Second Remand Redetermination and provides that all entries of merchandise that are affected by the Second Remand Redetermination shall be liquidated in accordance with the final court decision in this action.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 24, 2009
New York, New York